# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## Town of Leesburg, in Virginia, etc. v. Loudoun County School Board, etc.

March 8, 1943.

Record No. 2618.

Present, All the Justices.

The opinion states the case.

*Stilson H. Hall*, for the plaintiff in error.

*Charles F. Harrison*, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This action was instituted by the Town of Leesburg, a municipal corporation, against the Loudoun County School Board and Loudoun County, for the purpose of obtaining a declaratory judgment as to the right of the town to retain for its own purposes all of the revenue received by it from levies upon the stock of banks. The town takes the position

that chapter 300 of the Acts of the General Assembly of Virginia, 1926, page 520, is unconstitutional and void in requiring it to apply one-third of the above revenue to the aid of public free schools of the school district in which is located the bank or banks issuing such stock. It also asserts that the provisions of chapter 314, Acts of the Assembly, 1936, pages 497, *et seq.*, creating school divisions with at least one county as a unit, make it impossible for it to comply with the Act of 1926. From an adverse order of the trial court entered April 13, 1942, the town has appealed.

The Act of 1926 provides as follows:

"Chap. 300.—An ACT in relation to local taxes and revenues for public free school purposes in the county of Loudoun.

Approved March 24, 1926

"1. Be it enacted by the general assembly of Virginia, That in the county of Loudoun the county and district school taxes, as authorized by the general laws of this State, shall be not less than fifty cents nor more than one dollar and fifty cents in the aggregate on the one hundred dollars of the assessed value of property subject to local school taxation in any one year; provided, however, that nothing in this act shall be construed to affect the additional tax of twenty-five cents on the one hundred dollars of the assessed value of property which may be levied under the general law in order to provide for the interest and sinking fund of any loans negotiated or bonds issued for school purposes.

"2. One-third of the revenue produced by levies by incorporated towns located within the county of Loudoun upon bank stock shall be applied in aid of the public free schools of the school district in which is located the bank or banks, respectively, and to no other purpose, and each town treasurer shall pay over the revenue aforesaid to the treasurer of the county of Loudoun for the credit of the proper district school fund within ten days after its receipt.

"3. This act shall be in force on and after January first, nineteen hundred and twenty-seven."

Section 91 of the Virginia Tax Code of 1936 authorizes any incorporated town to impose a tax not to exceed 80 per centum of the State rate of taxation on each one hundred dollars of the taxable value of the shares of stock of any bank located in the town. Under this general law, the town of Leesburg levied and collected, for the calendar year 1941, $3,460.34. Although prior to 1941, it had paid one-third of the amount it had received for each previous year to the treasurer of Loudoun county, it refused to make any such payment for the year 1941.

The town undertakes to sustain its refusal upon the ground that the Act of 1926 violates section 52, subsections (5) and (8) of section 63, section 64, and section 168 of the Constitution of Virginia. This is a broad contention and no specific ground is relied upon. We will, therefore, consider separately each of the above sections of the Constitution.

Section 52 provides, in part, that "No law shall embrace more than one object which shall be expressed in its title * * * ."

The Act of 1926 deals with but one object. Its entire subject matter relates to "local taxes and revenue for public free school purposes in the county of Loudoun," in which county is located the town of Leesburg. Every matter dealt with has a natural connection with and is germane to the object of the statute as stated in the title of the Act.

Subsections (5) and (8) of section 63 of the Constitution relate to the assessment and collection of taxes and the remission and release of obligations to the State or to any political subdivision thereof. The Act does not undertake to levy or collect taxes, or to remit or release any obligation or liability. It only directs a division and expenditure of taxes collected under the general laws of the State. Section 91 of the Tax Code provides for the imposition and assessment of taxes upon the stock of banks.

The Act contains no requirement that the town surrender or suspend its right to tax corporations and private

property in violation of section 64. It does not come within, the inhibition of section 168, because there is no exemption from taxation or discrimination against taxable subjects.

The Act of 1926, it is true, is a local Act in that it is confined in its operation to Loudoun county. In Virginia, local, special, and private legislation may be enacted, provided the procedure of its enactment is in accordance with section 51 of the Constitution and it is not prohibited by sections 63, 64, or some other section thereof.

In support of its second contention, that the provisions of chapter 314, Acts of the Assembly, 1936, make it impossible for the town to comply with the Act of 1926, appellant relies upon that section of the Act, which requires that school divisions shall consist of not less than one county or city each. This provision is carried in both the 1936 and 1942 Codes of Virginia, (Michie) as section 615.

The Act of 1936 contains numerous other sections, which are a part of chapter 33 of the Code of Virginia, 1942, (Michie) sections 601 to 741, inclusive. The appellant either fails to observe a distinction between "school divisions" and "school districts" or overlooks that portion of the Act, which now appears as section 653a2 of the Code, (Michie, 1942), preserving certain town school districts, and section 653a3, which makes specific provisions for the operation of such preserved school districts. Like provisions were contained in section 653 of the Code of 1936, (Michie).

Code, section 615, reads, in part: "The State Board of Education shall divide the State into appropriate 'school *divisions*, in the discretion of said board, comprising not less than one county or city each, but no county or city shall be divided in the formation of such division." (Italics supplied.)

The Act of 1936, however, in abolishing magisterial districts and special school districts to carry out the above purpose, expressly exempts the special school district for the town of Leesburg in Loudoun county and certain other town school districts from extinction: "All *special school districts* and *special town school districts*, except the *special*

*school districts* for the town of Leesburg of Loudoun county and of Lexington of Rockbridge county and the town of Bedford of Bedford county which are hereby preserved, are hereby expressly abolished, * * * ." (Italics supplied.) Virginia Code, 1936, (Michie) section 653, now Virginia Code, 1942, (Michie) section 653a2.

In this connection, the same Act, (section 653) on page 503, further provides: "To such town school district operated by a school board of three members the county school board shall require the county treasurer to pay into the town treasurer if and when properly bonded, from the amount derived from the county levy or any appropriation for school purposes a sum equal to the pro rata amount from such levy or appropriation derived from such town; and the county treasurer shall also pay into the town treasurer a proportionate amount of all school funds determined by the ratio of the average daily attendance for the preceding school year in the town district and in the county." Virginia Code, 1936, (Michie), section 653; Virginia Code, 1942, (Michie), section 653a3.

See also Virginia Constitution, section 136, with reference to powers and duties of school districts of towns.

▮ Both the town and the school district of Leesburg are creatures of the legislature within the authorization and limitation of the Constitution. The legislature has ample power to fix and limit the rate of taxation on taxable subjects within the town, and to provide how the proceeds from such taxation shall be expended for the benefit of the taxpayers. It may direct, as it often has done, that specific tax funds of a certain district or territory shall be used, in whole or in part, for the improvement of the roads, schools, or other public facilities within the territory. *Narrows* v. *Board of Supervisors*, 128 Va. 572, 579, 105 S. E. 82, 86.

It does not appear why one-third of the proceeds of the tax on bank stock collected by the town should be paid to the treasurer of Loudoun county instead of to the treasurer of the town of Leesburg, but no specific exception is taken thereto and inasmuch as the amount of the revenue paid

to the treasurer of the county of Loudoun must be applied to the credit of the proper school district fund, this would seem to be a matter of mechanics rather than of constitutional law.

On the record before us, we are unable to find any merit in the assignments of error made by the appellant, and the order of the trial court is affirmed.

*Order affirmed.*