## CIRCUIT COURT OF AUGUSTA COUNTY

Moore Brothers

    v.

County of Augusta et al.

### March 27, 1974

By JUDGE ROSCOE B. STEPHENSON, JR.

I have concluded that the County of Augusta is a proper party in this proceeding. In a case such as this, where the plaintiff seeks merely a determination of a right and not to establish a claim or demand against the County, I find no statutory prohibition against naming the County as a party defendant.

While it appears that the precise question has never been decided by our Supreme Court, that court, in a number of cases, has entertained and decided declaratory judgment suits in which a county was a defendant. See *Town of Leesburg v. Loudoun County*, 181 Va. 279, 24 S.E.2d 439; *South Hampton Apartments, Inc. v. Elizabeth City County*, 185 Va. 67, 37 S.E.2d 841.

In a very recent case of *County of Chesterfield v. Town & Country Apartments & Townhouses*, decided by our Supreme Court [214 Va. 587] on March 4, 1974, the Court held that failure of the plaintiff to comply with Code Section 15.1-554 precluded the maintenance of a declaratory judgment proceeding against the County. In that case the Court observed that the declaratory judgment proceeding "basically involves, so far as the County is concerned, a contractual dispute and a resulting monetary claim against the County."

Although there was no such specific holding, one can properly infer, I think, that, but for the fact that it involved a contractual dispute resulting in a monetary claim, the declaratory judgment proceeding could properly be maintained against the County.

In the case at bar, no claim or demand is being made against the County, and this proceeding does not concern itself with a contractual dispute. This proceeding only relates to the interpretation and enforcement of the county's zoning ordinance, and, as I view it, the County should be a party defendant.

Accordingly, the County's demurrer is overruled.

On the other hand the demurrers of Richard E. Huff, County Administrator, and of Harold H. Ralston, in his capacities as County Planner, as Secretary to the Augusta County Planning Commission and as Secretary to the Augusta County Board of Zoning Appeals and Adjustments, are sustained. These gentlemen, in the capacities stated, have nothing to do with interpreting or enforcing the county's zoning ordinance. Mr. Ralston will remain before the Court, however, in the capacity of Zoning Administrator.