## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### COMMONWEALTH OF VIRGINIA/DEPARTMENT OF STATE POLICE AND ROYAL-GLOBE INSURANCE COMPANY

### V.

### MORGAN BIRCHFIELD HINES

November 26, 1980.

Record No. 800066.

Present: All the Justices.

*John M. Oakey, Jr.*, for appellant.

*John A. Gibney, Jr. (Mary Sue Terry; Richard D. Rogers, Jr.; Bell, Lacy & Baliles; Terry & Rogers* on brief) for appellee.

POFF, J., delivered the opinion of the Court.

The defendants, the Commonwealth of Virginia, Department of State Police (the employer), and Royal-Globe Insurance Company (the insurer), appeal from an Industrial Commission award granting Morgan Birchfield Hines' claim for compensation for temporary total disability resulting from a heart attack.

On June 5, 1974, Hines, a state trooper with 23 years' service, suffered a heart attack while off duty. The employer paid him sick leave at full salary until his entitlement expired September 1, 1975 and then placed him on disability retirement status.

The following year, the General Assembly enacted Code § 65.1-47.1. Acts 1976, c. 772. This statute, effective prospectively from July 1, 1976, created a rebuttable presumption that hypertension or heart disease suffered by firemen and policemen was an occupational disease covered by the Workmen's Compensation Act. The 1976 act did not include members of the State Police Officers Retirement System. By Acts 1977, c. 620, effective July 1, 1977, the benefit of the presumption was extended to state police officers. In addition, the amendment provided that the presumption would apply to state police officers "whose death or condition or impairment of health occurred on or after January [1, 1974]."

On March 1, 1978, Hines applied for compensation. A Deputy Commissioner denied the application on the ground that the claim, filed more than two years after Hines became disabled, was time-barred under Code § 65.1-52. On review, the Commission, with one Commissioner dissenting, ruled that the 1977 amendment making the presumption applicable to disability suffered after January 1, 1974 was constitutional and that Hines, whose disability occurred June 5, 1974, was entitled to the benefit of that presumption. Treating "the effective date of the [1977 act] . . . as the date of communication of this disease", the Commission held that Hines' claim had been "timely filed" and awarded him compensation "at the rate of $168.31 per week for

temporary total disability, commencing July 1, 1977, and continuing [500 weeks]" and "[m]edical benefits . . . as long as necessary."

Appealing from the award entered December 13, 1979, the defendants challenge the constitutionality of that clause in the 1977 act which provides for retroactive application of the presumption defined in the 1976 act (hereinafter, the retroactive clause). Specifically, they contend that the retroactive clause violates Va. Const., art. IV, § 14, which provides in pertinent part:

"The General Assembly shall not enact any local, special, or private law in the following cases:
". . . .
"(3) Regulating the practice in, or the jurisdiction of, or changing the rules of evidence in any judicial proceedings or inquiry before the courts or other tribunals. . . .
". . . .
"(18) Granting to any private corporation, association, or individual any special or exclusive right, privilege, or immunity."

■ Paragraph (18) forbids enactment of any law granting special benefits to some to the exclusion of others similarly situated. The effect of the retroactive clause was to grant a benefit to certain state police officers to the exclusion of all other Virginia policemen. Since there is nothing of record sufficient to justify such disparate legislative treatment of members of the same general class, the retroactive clause is clearly a special law.

■ But, Hines argues, since local policemen who suffered a heart attack or hypertension between January 1, 1974 and July 1, 1976 are the only victims of the legislative discrimination, the defendants, both strangers to the victims, have no standing to invoke the proscription of paragraph (18). We must agree. "[T]he person questioning the constitutionality of a legislative enactment must clearly show that in its operation he has been injured thereby. The fact that it may contravene the constitution in its application to . . . others . . . avails him nothing." *Avery* v. *Beale,* 195 Va. 690, 706, 80 S.E.2d 584, 593 (1954).

■ We consider now whether the retroactive clause, as applied in this case, offends paragraph (3).

The constitution commands that "[t]he General Assembly shall not enact any . . . special . . . law . . . changing the rules of evidence in any judicial proceedings". This command does not apply to *all* laws changing evidentiary rules, but only to such laws as are also *special.* The

parties agree that the presumption activated by the retroactive clause changes the evidentiary rule by shifting the evidentiary burden from the claimant-plaintiff to the employer-insurer-defendants. *See Page* v. *City of Richmond,* 218 Va. 844, 847, 241 S.E.2d 775, 777 (1978). And, as we have said, since the retroactive clause grants a benefit to some claimants to the exclusion of others similarly situated, it is a special law.

We hold, therefore, that the retroactive clause as applied in this case violates paragraph (3) of Article IV, § 14, of the Virginia Constitution.[1]

■ Even so, Hines contends that "[a]s a creation of the legislature, the Department has no right to challenge the validity of legislative actions" and that the insurer has no greater right than its insured. Hines relies on *R. F. & P. Co.* v. *City of Richmond,* 145 Va. 225, 133 S.E. 800 (1926), where this Court held that a municipal corporation had no standing to raise a constitutional challenge to a statute which required cities to share the cost of constructing street-railway crossings. The city based its challenge on Section 1 of the Virginia Constitution of 1902 (now Article I, §1) which provided that "all men are by nature equally free and independent and have certain inherent rights". That decision was grounded on the Court's conclusion that a municipality, as a creation of the legislature subject to extinction by the legislature, was not a "man" within the contemplation of Section 1 and, therefore, had no standing to challenge the legislative act. *Id.,* 145 Va. at 238, 133 S.E. at 803-04.

Hines reads this holding to bar every legislatively-created body from asserting any constitutional challenge to any legislative act, regardless of the nature of that challenge. Such a reading is too broad. The Department claims no Article I, § 1, rights; its challenge is bottomed upon the special laws proscription in Article IV, § 14.[2] Hence, the rule in *R. F. & P. Co.* is wholly inapposite here.

Furthermore, as noted by the Court in that case, a city is a political

---

[1] Our holding applies only to claims based upon disability which occurred prior to July 1, 1976, the effective date of the 1976 act. To the extent that act omitted state police officers from the class granted the benefit of the presumption, it was constitutionally defective. Insofar as the 1977 act corrected the omission and filled the class retroactive to the date it was created, it cured the constitutional defect. We are of opinion that such curative statutes are not special laws within the meaning of the Virginia Constitution. Hence, the retroactive clause is constitutional as applied to claims based upon disability occuring after July 1, 1976.

[2] In a case post-dating *R. F. & P. Co.,* we have entertained a special laws challenge raised by a legislatively-created body. *Leesburg* v. *Loudoun Co. Sch. Bd.,* 181 Va. 279, 24 S.E.2d 439 (1943).

subdivision of the State. As such, it is a component part of the sovereign. Manifestly, the sovereign cannot claim the benefit of the invalidity of its own act. But the Department is not a political subdivision of the State; it is an arm of one of the three co-equal branches of the State government. If we were to hold, as Hines urges, that an executive agency has no standing to defend itself in the courts by asserting a special laws challenge to an act of the legislature, we would violate the constitutional doctrine of separation of powers, Va. Const., art. III, § 1, and impair the function of Virginia's system of checks and balances. We decline to do so.[3] Rather, we hold that the Department and the insurer, the litigants injured by application of the special law changing the rule of evidence, have proper standing to challenge its validity.

Accordingly, we will reverse the Commission's award, dismiss the claim, and enter final judgment here for the defendants.

*Reversed and final judgment.*

---

[3] We reserve decision whether an executive agency has standing to make such a challenge offensively.