## Richmond

ESPER BONDING COMPANY

v.

COMMONWEALTH OF VIRGINIA

October 16, 1981.

Record No. 801017.

Present: All the Justices.

*Harry M. Johnson, Jr.,* for appellant.
*Stacy F. Garrett, III, Deputy Commonwealth's Attorney (Aubrey M. Davis, Jr., Commonwealth's Attorney; John P. Driscoll, Deputy Commonwealth's Attorney,* on brief), for appellee.

PER CURIAM.

In this appeal, we consider whether the Commonwealth had standing to assert the constitutional rights of third parties as the sole basis of its challenge to the constitutionality of the 1979 amendment to Code § 19.2-135.

Prior to an amendment adopted in 1979, the pertinent portion of Code § 19.2-135 provided that, in the event of a violation of any condition of recognizance, a court, in addition to remanding the principal to jail, could forfeit "all or any part" of the surety thereon. Acts 1977, c. 287. In 1979, the statute was amended to provide that "if the principal is remanded to jail, the surety is discharged from liability thereon; provided, however, when a cash recognizance is given, the court may forfeit all or any part of such cash recognizance. . . ." Acts 1979, c. 735.

After the amendment became effective, Esper Bonding Company (Esper) executed a $3,500.00 surety bond for Andrew M. Fogel, who had been charged with a narcotics offense. Fogel was remanded to jail after being charged with assault, an offense committed while he was free on bond. Fogel was convicted of assault, and a district court judge forfeited the bond.

Esper appealed to the circuit court, contending that because Fogel had been remanded to jail, the 1979 amendment to Code § 19.2-135 did not permit the court to forfeit the bond. In response, the Commonwealth argued that the classification created

by the 1979 amendment discriminated against those posting cash bonds in violation of the equal protection clause. The trial court agreed with the Commonwealth, declared the bond forfeited, remitted $3,000 of the forfeiture, and ordered Esper "to pay the Clerk the sum of $500.00 and Court costs."

On appeal to this Court, Esper argues that the Commonwealth had no standing to assert the constitutional rights of third parties and, hence, that the trial court erred in finding the 1979 amendment unconstitutional.

As a general rule, where a statute is constitutional as applied to a litigant, the litigant has no standing to challenge the statute on the ground that it may be unconstitutional on its face, that is, as applied to a third person in a hypothetical situation. *See, e.g., Ulster County Court* v. *Allen,* 442 U.S. 140, 154-55 (1979); *United States* v. *Raines,* 362 U.S. 17, 21-23 (1960); *Wayside Restaurant* v. *Virginia Beach,* 215 Va. 231, 235, 208 S.E.2d 51, 54 (1974).

As the Commonwealth notes, the rule is not without exception. A litigant may have standing to make a facial challenge invoking the First Amendment rights of third parties. *Schaumburg* v. *Citizens for Better Environ.,* 444 U.S. 620, 633-34 (1980); *Stanley* v. *City of Norfolk,* 218 Va. 504, 507-08, 237 S.E.2d 799, 801 (1977). And, when a litigant's economic rights are infringed by a statute, he may have standing to assert the constitutional rights of third parties if the "concomitant rights of third parties . . . would be 'diluted or adversely affected' should [the litigant's] constitutional challenge fail and the statutes remain in force." *Craig* v. *Boren,* 429 U.S. 190, 195 (1976) (beer vendor can assert the constitutional rights of youthful buyers, even though the vendor is not a member of the class discriminated against). See also *Carey* v. *Population Services International,* 431 U.S. 678, 683-84 (1977), and *Eisenstadt* v. *Baird,* 405 U.S. 438, 446 (1972), where the Supreme Court held that distributors of contraceptives are entitled to assert the privacy rights of consumers. *See generally,* Note, *Standing To Assert Constitutional Jus Tertii,* 88 Harv. L. Rev. 423 (1974).

However, the *Craig* exception is conditional; it does not apply and the general standing rule prevails when "the interests of the litigant and the rights of the proposed third parties are in no way mutually interdependent." *Craig* v. *Boren,* 429 U.S. at 195, n. 4. In a recent opinion, we rejected an attempt by the Common-

wealth and its insurer to assert the rights of local police officers under the "special laws" proscription of paragraph (18) of Article IV, § 14, of the Virginia Constitution. *Commonwealth* v. *Hines,* 221 Va. 626, 629, 272 S.E.2d 210, 212-13 (1980). Just as the economic interests of the litigants in *Hines* were not mutually interdependent with the constitutional rights denied local officers by an amendment to the Workmen's Compensation Act, the Commonwealth's interest in revenue from forfeited non-cash bonds is not mutually interdependent with the equal protection or the "special laws" rights of those posting cash bonds.

Applying the general rule, we hold that the Commonwealth had no standing to assert the constitutional rights of those posting cash bonds.* Consequently, we will reverse the judgment of the trial court and enter final judgment discharging Esper from liability on the bond.

*Reversed and final judgment.*

---

* Our holding is without prejudice to the standing of one who has posted a cash bond, which has been forfeited by a court, to challenge the constitutionality of the 1979 amendment to Code § 19.2-135.