COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Malveaux and Senior Judge Frank
Argued at Hampton, Virginia

UNPUBLISHED

AARON ANTHONY MARSH

MEMORANDUM OPINION* BY
v.      Record No. 1011-18-1      JUDGE MARY BENNETT MALVEAUX
OCTOBER 15, 2019

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Glenn R. Croshaw, Judge[1]

Richard C. Clark, Senior Assistant Public Defender, for appellant.

Kelsey M. Bulger, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Aaron Anthony Marsh ("appellant") entered a conditional guilty plea pursuant to Code

§ 19.2-254 to one count of aggravated sexual battery, in violation of Code § 18.2-67.3(A)(1), two

counts of rape, in violation of Code § 18.2-61(A)(iii), one count of sodomy, in violation of Code

§ 18.2-67.1(A)(1), and one count of assault and battery, in violation of Code § 18.2-57.  On appeal,

he argues that the trial court erred in finding that Code § 19.2-268.3 is constitutional and applicable

to his case, as it violates the right to confrontation under the Sixth Amendment of the United States

Constitution.  For the following reasons, we affirm.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge A. Bonwill Shockley presided over the hearing on the Commonwealth's motion
to admit the victim's statements pursuant to Code § 19.2-268.3, which is the subject of the
instant appeal.  Judge Croshaw presided over the plea hearing and sentencing, and signed both
the final conviction and sentencing orders.

# I. BACKGROUND

Appellant was indicted on fifteen charges: four counts of aggravated sexual battery, in violation of Code § 18.2-67.3(A)(1); six counts of rape, in violation of Code § 18.2-61(A)(iii); four counts of sodomy, in violation of Code § 18.2-67.1(A)(1); and one count of assault and battery, in violation of Code § 18.2-57.

Pursuant to Code § 19.2-268.3(C), the Commonwealth filed a pretrial notice of intent to offer oral and written statements made by the victim, A.B., during two forensic interviews conducted at the Children's Hospital of the King's Daughters. The Commonwealth alleged that the totality of circumstances surrounding the statements provided sufficient indicia of reliability so as to render them inherently trustworthy based on the factors set out in Code § 19.2-268.3. Appellant filed a motion in opposition arguing that Code § 19.2-268.3 is unconstitutional because it violates the Confrontation Clause of the Sixth Amendment. The Commonwealth filed a response contending that the Confrontation Clause would not be violated because A.B. would testify at trial and be available for cross-examination.

Following a hearing on the motion, the trial court held that the statute was not "unconstitutional on its face" because the victim would testify at trial and would be available for cross-examination.[2] The court also held that the circumstances surrounding the statements made in the forensic interviews provided sufficient indicia of reliability to render them inherently trustworthy and thus met the hearsay exception set out in Code § 19.2-268.3.[3]

---

[2] The court also informed the parties that it was not "reach[ing] an answer as to that question if the victim doesn't testify. If the victim testifies, which we anticipate is going to happen, then there's no issue with the [C]onfrontation [C]lause because you will get to cross-examine the witness."

[3] During the hearing, the Children's Hospital of the King's Daughters' employee who conducted the forensic interviews testified as to the way forensic interviews are generally conducted and the circumstances surrounding A.B.'s interviews. The Commonwealth also played portions of video recordings of A.B.'s forensic interviews.

Following the court's ruling, appellant and the Commonwealth entered into a plea agreement. The parties agreed that appellant would plead guilty to one count of aggravated sexual battery, in violation of Code § 18.2-67.3(A)(1), two counts of rape, in violation of Code § 18.2-61(A)(iii), one count of sodomy, in violation of Code § 18.2-67.1(A)(1), and one count of assault and battery, in violation of Code § 18.2-57. The plea agreement was accepted by the court, and an order reflecting appellant's guilty pleas was entered accordingly.[4]

An agreed stipulation of evidence was entered along with appellant's guilty pleas. The parties stipulated that the evidence would show that from May 1, 2015 through September 1, 2015, appellant raped and otherwise sexually and physically assaulted A.B., the younger sister of appellant's girlfriend. The parties also stipulated that A.B. would have testified to these events at trial. This appeal followed.

## II. ANALYSIS

On appeal, appellant argues that the trial court erred in finding that Code § 19.2-268.3 is constitutional and applicable to appellant's case as it violates the right to confrontation under the Sixth Amendment.

Appellant's challenge to the constitutionality of a statute presents a question of law that we review *de novo*. Toghill v. Commonwealth, 289 Va. 220, 227 (2015). In our review, "[w]e are guided by the established principle that all acts of the General Assembly are presumed to be constitutional. In applying this principle, we are required to resolve any reasonable doubt regarding the constitutionality of a statute in favor of its validity." In re Phillips, 265 Va. 81, 85-86 (2003) (citations omitted).

---

[4] The court also granted the Commonwealth's motion to *nolle prosequi* the remaining charges.

In 2016, the General Assembly enacted Code § 19.2-268.3 to govern the admissibility of statements by children in certain cases. 2016 Va. Acts ch. 542, 553. The statute creates a hearsay exception for certain out-of-court statements made by children, provided that: (1) the totality of the circumstances surrounding the statements provide sufficient indicia of reliability to render the statements inherently trustworthy; and (2) the child testifies or is declared unavailable to testify.[5]

On appeal, appellant makes a facial challenge to the constitutionality of Code § 19.2-268.3, arguing that the statute is unconstitutional regardless of whether or not the child testifies.

> To mount a successful facial challenge, "the challenger must establish that no set of circumstances exists under which the [statute in question] would be valid," as opposed to an as-applied challenge, in which the challenger alleges "that the [statute in question] is unconstitutional because of the way it was applied to

---

[5] The statute provides as follows:

B. An out-of-court statement made by a child who is under 13 years of age at the time of trial or hearing who is the alleged victim of an offense against children describing any act directed against the child relating to such alleged offense shall not be excluded as hearsay under Rule 2:802 of the Rules of Supreme Court of Virginia if both of the following apply:

1. The court finds, in a hearing conducted prior to a trial, that the time, content, and totality of circumstances surrounding the statement provide sufficient indicia of reliability so as to render it inherently trustworthy . . . .; and

. . . .

2. The child:
a. Testifies; or
b. Is declared by the court to be unavailable as a witness; when the child has been declared unavailable, such statement may be admitted pursuant to this section only if there is corroborative evidence of the act relating to an alleged offense against children.

Code § 19.2-268.3.

the particular facts of [his] case." <u>United States v. Salerno</u>, 481 U.S. 739, 745 & n.3 (1987).

<u>Stoltz v. Commonwealth</u>, ___ Va. ___, ___ (Aug. 1, 2019) (alterations in original).

However, "where a statute is constitutional as applied to a litigant, the litigant has no standing to challenge the statute on the ground that it may be unconstitutional on its face, that is, as applied to a third person in a hypothetical situation." <u>Yap v. Commonwealth</u>, 49 Va. App. 622, 630 (2007) (quoting <u>Esper Bonding Co. v. Commonwealth</u>, 222 Va. 595, 597 (1981)).[6] Thus, a criminal defendant "may challenge the constitutionality of a law only as it applies to him or her. 'That the statute may apply unconstitutionally to another is irrelevant; one cannot raise third party rights.'" <u>DePriest v. Commonwealth</u>, 33 Va. App. 754, 761 (2000) (citation omitted) (quoting <u>Coleman v. City of Richmond</u>, 5 Va. App. 459, 463 (1988)). Therefore, this Court is constrained to decide only whether Code § 19.2-268.3 is constitutional as applied to the circumstances of appellant's case.

As applied to him, appellant argues that the statute is unconstitutional because it violates his Sixth Amendment right to confrontation. He contends that A.B.'s statements were testimonial in nature and thus fall under the purview of the Sixth Amendment.[7] He further argues that because the statute permits the admission of an out-of-court statement through someone other than the declarant, the original declarant is not subject to cross-examination; therefore, "testing in the crucible of cross[-]examination" is precluded by Code § 19.2-268.3.

---

[6] Exceptions to the standing rule only apply to certain challenges under the First Amendment "and to situations involving the most 'weighty, countervailing policies' like, for example, where 'individuals not parties to a particular suit stand to lose by its outcome and yet have no effective avenue of preserving their rights themselves.'" <u>Tucek v. Commonwealth</u>, 44 Va. App. 613, 617 n.3 (2004) (quoting <u>DePriest v. Commonwealth</u>, 33 Va. App. 754, 762 (2000)). Appellant's challenge does not fall under these exceptions.

[7] We assume without deciding that the statements A.B. made during two forensic interviews conducted at the Children's Hospital of the King's Daughters constituted testimonial hearsay for Confrontation Clause purposes.

However, a review of relevant Sixth Amendment principles, as applied to this case, demonstrates that appellant's argument is without merit.

The Confrontation Clause guarantees that a criminal defendant will have the opportunity "to be confronted with the witnesses against him." U.S. Const. amend. VI. The protections afforded by the Confrontation Clause, however, are not absolute. The United States Supreme Court has made clear that the Confrontation Clause applies only to "testimonial" statements. See Crawford v. Washington, 541 U.S. 36, 68-69 (2004) (determining that the Sixth Amendment requires confrontation of a declarant only "[w]here testimonial statements are at issue"). Thus, a witness' out-of-court testimonial statement against a defendant is inadmissible "unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination." Melendez-Diaz v. Massachusetts, 557 U.S. 305, 309 (2009). Crawford itself "reiterate[d] that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Crawford, 541 U.S. at 59 n.9.

In this case, pursuant to Code § 19.2-268.3, the Commonwealth sought to admit out-of-court oral and written statements made by A.B. during forensic interviews. Both parties stipulated that the child would have testified at trial if appellant had not entered a conditional guilty plea. Therefore, Code § 19.2-268.3, as applied to appellant, would not have violated his Confrontation Clause right, as the declarant of the out-of-court statements would have been present at trial and subject to cross-examination.[8]

_____

[8] On brief, appellant also argues that A.B.'s statements did not qualify for admission under "any of the hearsay exceptions allowing for the admissibility of the[ ] tapes." However, appellant's assignment of error only addresses the constitutionality of Code § 19.2-268.3 and does not encompass any argument regarding other hearsay exceptions that the statements may or may not meet. Therefore, any argument about other hearsay exceptions has been waived by appellant. See Rule 5A:12(c)(1)(i) ("Only assignments of error assigned in the petition for appeal will be noticed by this Court.").

## III. CONCLUSION

For the reasons above, we hold that the trial court did not err in its determination that the application of Code § 19.2-268.3 in this case would not violate appellant's right to confrontation under the Sixth Amendment.  Accordingly, we affirm.

<u>Affirmed.</u>