COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Lemons and
          Senior Judge Duff
Argued at Alexandria, Virginia


GIULIO SANTILLO
                                        OPINION
v.     Record No. 0496-98-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      AUGUST 17, 1999
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Gerald Bruce Lee, Judge

            James W. Hundley (Briglia & Hundley, P.C.,
            on briefs), for appellant.

            Eugene Murphy, Assistant Attorney General
            (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Giulio Santillo (appellant) was convicted of sodomy

involving a sixteen-year-old victim, in violation of Code

§ 18.2-361.  On appeal, he contends the trial court erred in

denying his pretrial motion to dismiss the indictment because

(1) the statute violates his constitutional right to privacy and

must be narrowly construed to exclude private acts of consensual

heterosexual sodomy and (2) the statute is unconstitutionally

vague.  For the following reasons, we affirm his conviction.

                         I.  BACKGROUND

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to it all reasonable

inferences fairly deducible therefrom.  See Juares v.

Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

Appellant was charged with carnal knowledge of the victim, C.L.,

on or about March 2, 1997.[1]  The evidence established that C.L.

was sixteen years old in March 1997 and had known appellant, a

close family friend, for eight years.  She considered appellant

her "godfather."  Appellant, fifty-nine years old at the time of

the offense, lived in Florida but stayed in the guestroom of the

victim's home when he was in town on business.

On February 24, 1997, appellant was visiting the victim's

family and he picked up C.L. from school, bought lunch for her

and took her home.  While C.L. was doing schoolwork at her desk,

appellant first gave her a back massage and later told her to

lie on the bed where he rubbed her lower back inside her pants.

Appellant suggested that the child pull down her pants so that

he could massage her legs, and the victim complied.  Appellant

eventually placed his fingers in the victim's vagina.  The

victim remained still because appellant had "never done anything

bad" to her.  The episode ended when C.L. pulled her pants up

---

[1] The grand jury originally indicted appellant for forcible
object sexual penetration, in violation of Code § 18.2-67.2.  At
trial on that charge, the Commonwealth attempted to amend the
indictment to charge appellant with carnal knowledge, in
violation of Code § 18.2-361.  The trial court denied the motion
to amend, and the Commonwealth nolle prossed that charge.
Appellant was later indicted for the instant charge.

-

quickly and appellant left to go to work.  Appellant instructed her not to tell anyone about what happened.

On March 2, 1997, appellant again returned to the victim's home and entered her bedroom while she was doing her homework. Appellant offered to give C.L. a back massage.  The victim laid down on the bed and appellant rubbed her back, moving his hands lower and lower.  The victim left the room and put on her pajamas.  When she returned, appellant again rubbed her back. The victim said she was cold, got into bed under the covers and picked up a book.  Appellant sat beside the victim for awhile, then began tickling her feet.  He moved his hands upwards inside the victim's "boxers."  Appellant again told C.L. to relax and that he was not going to hurt her.  Appellant placed a stuffed animal in the victim's lap.  He leaned down and put his tongue in her vagina.  He tried to kiss the victim on the mouth, but she turned away.

Appellant left the room briefly.  When he returned, he had changed clothes.  He took C.L.'s hand and placed it on his penis.  She did not react.  With a "mean" facial expression, appellant walked away.  He told the victim not to tell anyone.

Appellant filed a pretrial motion to dismiss the indictment, alleging that Code § 18.2-361 was unconstitutional as applied to him.  The trial court denied appellant's motion and ruled as follows:

-

[A]s you have originally said, you're not asking me to find the statute unconstitutional on its face, and I wouldn't do that.

So, I think to some degree you've put this case in terms of consensual heterosexual sodomy and I'm not sure that that's what it is . . . based on the facts that the Commonwealth has proffered that their evidence would show. I think there's a big difference between the Commonwealth not being able to show force and a party being able to show consent.

And based on the facts that the Commonwealth contends it would prove, I just don't find that to be consensual heterosexual conduct, for one thing. . . . I don't find the statute to be unconstitutional for the purposes of this case.

Following the presentation of evidence at trial by the Commonwealth, appellant renewed his motion to dismiss the charges on constitutional grounds and additionally alleged that the evidence was insufficient for conviction. Denying appellant's motion, the trial judge ruled as follows:

As to the second part of the motion to strike is [sic] that the statute as applied here is unconstitutional and that the statute abridges the constitutionally protected right to privacy. A motion was previously heard on this matter . . . and was denied, and the argument today is that the evidence reveals at best consensual sexual contact between two individuals, that the state has no interest in that and that she, the victim, may have consented to this contact, and therefore that there is no overriding state interest in the activity which occurred here in terms of heterosexual consensual contact.

-

Again, I think that the Court is not to strain to reach constitutional questions. <u>I don't think that a constitutional question is presented here where the evidence, taken in the light most favorable to the Commonwealth is that there was unwanted, non-consensual contact which occurred between these two individuals</u> and that the crime charged, the sodomy statute, has been upheld as constitutional in the Commonwealth and has been applied even as to the context involving married individuals.

This is not such a case. This is a case involving a 59-year-old man and a 16-year-old victim. <u>She has said it was nonconsensual.</u> I think the state would have an overriding interest in public safety to protect a woman from unwanted contact of that kind. . . .

(Emphasis added).

## II. CONSTITUTIONALITY

Code § 18.2-361(A), the statute under which appellant was convicted, provides in relevant part as follows:

> If any person carnally knows in any manner any brute animal, or carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a Class 6 felony . . . .

In assessing the constitutionality of a statute, "the burden is on the challenger to prove the alleged constitutional defect." <u>Woolfolk v. Commonwealth</u>, 18 Va. App. 840, 848, 447 S.E.2d 530, 534 (1994). "'Every act of the legislature is presumed to be constitutional, and the Constitution is to be given a liberal construction so as to sustain the enactment in question, if practicable.'" <u>Moses v. Commonwealth</u>, 27 Va. App.

-

293, 298-99, 498 S.E.2d 451, 454 (1998) (quoting <u>Bosang v. Iron</u> <u>Belt Bldg. & Loan Ass'n</u>, 96 Va. 119, 123, 30 S.E. 440, 441 (1898)). "'When the constitutionality of an act is challenged, a heavy burden of proof is thrust upon the party making the challenge. All laws are presumed to be constitutional and this presumption is one of the strongest known to the law.'" <u>Id.</u> at 299, 498 S.E.2d at 454 (quoting <u>Harrison v. Day</u>, 200 Va. 764, 770, 107 S.E.2d 594, 598 (1959)). "It has long been established that every presumption is to be made in favor of an act of the legislature, and it is not to be declared unconstitutional except where it is clearly and plainly so. Courts uphold acts of the legislature when their constitutionality is debatable, and the burden is upon the assailing party to prove the claimed invalidity." <u>Peery v. Virginia Board of Funeral Directors and</u> <u>Embalmers</u>, 203 Va. 161, 165, 123 S.E.2d 94, 97 (1961).

A. Right to Privacy

Appellant first contends the prohibition of consensual heterosexual sex under Code § 18.2-361 abridges his constitutional right to privacy.[2] Before considering this argument, we note that generally, a litigant may challenge the

---

[2] Appellant relies on the following cases in support of the proposition that the right to privacy protects private sexual conduct: <u>Carey v. Population Servs. Int'l</u>, 431 U.S. 678 (1977); <u>Eisenstadt v. Baird</u>, 405 U.S. 438 (1972); <u>Stanley v. Georgia</u>, 394 U.S. 557 (1969); <u>Loving v. Virginia</u>, 388 U.S. 1 (1967); <u>Griswold v. Connecticut</u>, 381 U.S. 479 (1965); <u>Skinner v.</u> <u>Oklahoma</u>, 316 U.S. 535 (1942); and <u>Pierce v. Society of Sisters</u>, 268 U.S. 510 (1925).

-

constitutionality of a law only as it applies to him or her.

See Coleman v. City of Richmond, 5 Va. App. 459, 463, 364 S.E.2d

239, 241-42 (1988) (citing Grosso v. Commonwealth, 177 Va. 830,

839, 13 S.E.2d 285, 288 (1941)), reh'g denied, 6 Va. App. 296,

368 S.E.2d 298 (1988).  "That the statute may apply

unconstitutionally to another is irrelevant; one cannot raise

third party rights."  Id. at 463, 364 S.E.2d at 242.[3]  It is in

this light that we review appellant's constitutional challenge

to Code § 18.2-361.[4]

The Supreme Court has recognized that the Due Process

Clause of the Fourteenth Amendment protects individuals from

state governmental interference with specific liberty interests.

---

[3] An exception to this rule is in the area of First
Amendment challenges.  See Massachusetts v. Oakes, 491 U.S. 576
(1989); Broadrick v. Oklahoma, 413 U.S. 601, 611-12 (1973).  The
United States Supreme Court has also allowed a facial attack on
the ground of vagueness, when the issue touches First Amendment
concerns.  See Kolender v. Lawson, 461 U.S. 352 (1983).

[4] Appellant concedes that he may challenge the
constitutionality of Code § 18.2-361 only as it applies to him.
At trial, counsel stated the following:

> Let me first of all state that what I'm not
> asking the court to do is simply declare
> full force completely that this statute is
> entirely unconstitutional.  I'm asking you
> to do what courts have done when confronted
> with similar issues, a similar question, to
> construe it narrowly, and to simply declare
> that this statute is unconstitutional as it
> applies to the criminalization of consensual
> private acts of sodomy between men and women
> who are of the age to consent.  And that's
> really what we have here.

-

Substantive due process "protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, . . . and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed."  Washington v. Glucksburg, 521 U.S. 702, 721 (1997) (citations and internal quotations omitted).  Additionally, substantive due process claims require "a careful description of the asserted fundamental liberty interest."  Id. (citations and internal quotations omitted).  Therefore, in a due process case, the Court looks to the "Nation's history, legal traditions, and practices."  Id. at 710.

While the Supreme Court has spoken in terms of "substantive due process" and "fundamental rights" in determining whether there exists a right to privacy in a specific case, it has consistently expressed its reluctance to expand these notions and, therefore, the protection of the Due Process Clause.

> [W]e ha[ve] always been reluctant to expand
> the concept of substantive due process
> because guideposts for responsible
> decisionmaking in this unchartered area are
> scarce and open-ended.  By extending
> constitutional protection to an asserted
> right or liberty interest, we, to a great
> extent, place the matter outside the arena
> of public debate and legislative action.  We
> must therefore exercise the utmost care
> whenever we are asked to break new ground in
> this field, lest the liberty protected by
> the Due Process Clause be subtly transformed
> into the policy preferences of the Members
> of this Court.

-

Id. at 720 (citations and internal quotations omitted).  These concerns have prompted the Court to maintain focus on its proper role when reviewing legislative enactments.

Traditionally, the types of interests recognized under substantive due process include those rights that are so central to an individual's freedom that "neither liberty nor justice would exist if [they] were sacrificed."  Bowers v. Hardwick, 478 U.S. 186, 191-92 (1986) (citations omitted).  In a long line of cases, the Supreme Court has held that various privacy rights, including marriage, use of contraceptives, abortion, and child-rearing, are fundamental rights protected by the Constitution.  See Carey v. Population Servs. Int'l, 431 U.S. 678 (1977) (use of contraceptives); Roe v. Wade, 410 U.S. 113 (1973) (abortion); Eisenstadt v. Baird, 405 U.S. 438 (1972) (distribution of contraceptives); Stanley v. Georgia, 394 U.S. 557 (1969) (obscene reading material in the private home); Loving v. Virginia, 388 U.S. 1 (1967) (marriage); Griswold v. Connecticut, 381 U.S. 479 (1965) (use of contraceptives by married persons); Rochin v. California, 342 U.S. 165 (1952) (bodily integrity); Prince v. Massachusetts, 321 U.S. 158 (1944) (family relationships); Skinner v. Oklahoma, 316 U.S. 535 (1942) (procreation); Pierce v. Society of Sisters, 268 U.S. 510 (1925) (right to educate children).

In Bowers, 478 U.S. 186, the Supreme Court reviewed these right to privacy cases when considering the constitutionality of Georgia's anti-sodomy statute. Hardwick was charged with violating the Georgia statute criminalizing sodomy by committing that act with another adult male in the bedroom of respondent's home. Although the district attorney decided not to present the matter to the grand jury, Hardwick filed suit in federal court, challenging the constitutionality of the statute as it applied to consensual sodomy. See id. at 187-88.

Upholding the constitutionality of Georgia's sodomy statute, the Court specifically limited the respondent's challenge to the statute as applied to consensual homosexual sodomy. The Court "express[ed] no opinion on the constitutionality of the Georgia statute as applied to other acts of sodomy." Id. at 188 n.2.

> This case does not require a judgment on whether laws against sodomy between consenting adults in general, or between homosexuals in particular, are wise or desirable. It raises no question about the right or propriety of state legislative decisions to repeal their laws that criminalize homosexual sodomy, or of state-court decisions invalidating those laws on state constitutional grounds. The issue presented is whether the Federal Constitution confers a fundamental right upon homosexuals to engage in sodomy and hence invalidates the laws of the many States that still make such conduct illegal and have done so for a very long time.

Id. at 190 (emphasis added).

-

Noting that proscriptions against homosexual sodomy have "ancient roots," the Court in Bowers concluded that homosexual sodomy was not a fundamental liberty. Id. at 192-93. It also detected no relationship between homosexual activity and previously protected privacy rights concerning the "family, marriage, or procreation." Id. at 191. The Court rejected the notion that "any kind of private sexual conduct between consenting adults is constitutionally insulated from state proscription." Id.[5]

In the instant case, appellant seeks to extend the recognized right to privacy to cover an individual who engages in heterosexual sodomy. However, under the circumstances of this case, we hold that appellant's actions were not within the ambit of any constitutionally protected zone because they did not involve sexual relations between two consenting adults. Viewed in the light most favorable to the Commonwealth, the evidence established that appellant acted without the consent of the sixteen-year-old victim. Specifically, the victim testified she was "uncomfortable" with appellant's advances and at one point she tried to "avoid the whole thing." She indicated that

---

[5] Indeed, the Supreme Court has said that it has not yet decided whether lawful, private, sexual conduct is sheltered from state interference by the Constitution. In Carey, 431 U.S. 678, the Court noted that it "has not definitely answered the difficult question whether and to what extent the Constitution prohibits state statutes regulating (private consensual sexual) behavior among adults, . . . and we do not purport to answer that question now." Id. at 689 n.5.

-

she could "feel" what appellant was doing but that she was not looking at him. During the second encounter, the victim was not thinking about what appellant was doing; rather she "was just looking forward." On two separate occasions, appellant instructed the victim not to tell anyone about what occurred. Given the nature of the relationship of these parties and the attendant circumstances, we agree with the trial court's determination that appellant's actions constituted "unwanted, non-consensual contact" with the victim and that his actions do not reach the level of constitutional protection. Because we hold the evidence established that the relations in this case were non-consensual, we decline to decide the constitutionality of Code § 18.2-361, as it applies to heterosexual acts between two consenting adults.

In Bowers, the Court found it significant that "[n]o connection between family, marriage, or procreation on the one hand and homosexual activity on the other hand ha[d] been demonstrated . . . ." Id. at 191. Similarly, appellant has failed to demonstrate any connection between one of the enumerated fundamental rights and the actions he now alleges are constitutionally protected. In this case, it would be outrageous to sanction the advances of a fifty-nine-year-old man who took advantage of his position of trust with the young victim and her family. This is not the "privacy" protected by either the Due Process Clause or the Griswold line of cases.

-

Rather, appellant's conduct falls squarely within Justice

Stevens' assertion that "[s]ociety has every right . . . to

prohibit an individual from imposing his will on another to

satisfy his own selfish interests."  Bowers, 478 U.S. at 217

(Stevens, J., dissenting); see also State v. Temple, 222 N.W.2d

356, 357 (Neb. 1984) ("The assertion that the [sodomy] statute

in the present instance permits an unwarranted invasion of

privacy is unconvincing.  The performance of oral copulation

with a four-year-old child, as here, is an act which, if

sanctioned, would be conducive to contributing to the

delinquency and immorality of children.  It is within the

purview of the state's police power to prohibit public

immorality and this is a subject in which there is a definite

state interest.").  Accordingly, we conclude appellant has

failed to establish that Code § 18.2-361 is unconstitutional as

applied to his actions in the instant case.[6]

---

[6] Appellant's reliance on Lovisi v. Slayton, 539 F.2d 349
(4th Cir. 1976), aff'g, 363 F. Supp. 620 (E.D. Va. 1973), is
misplaced.  While the Fourth Circuit noted that married couples
"remain protected in their expectation of privacy within their
own bedroom," the Lovisi court concluded that the "federal
protection of privacy dissolve[d]" when the defendants welcomed
other individuals in their private bedroom.  Id. at 351.
Additionally, while the court recognized in dicta that the right
of privacy might preclude the prosecution of married parties who
engage in heterosexual sodomy, it clarified in an addendum to
its decision that the right to privacy was "probably" limited to
the marital relationship.  Id. at 352 (citing Doe v.
Commonwealth's Attorney for City of Richmond, 403 F. Supp. 1199
(E.D. Va. 1975), aff'd, 425 U.S. 901 (1976)).
    In the instant case, as we have previously noted,
appellant's conduct was both "non-consensual" and not "acts

-

                          B.   Vagueness

     Next, appellant contends the statute is unconstitutionally

vague as applied to private acts of heterosexual oral sex.  He

argues that while Code § 18.2-361 makes it unlawful for any

person to "carnally know[ ]" another "in any manner" "by or with

the mouth," the meaning of these broad terms is not self-evident

and is subject to reasonable dispute.  Accordingly, appellant

reasons, the statute does not adequately give fair notice to

ordinary citizens of what actions are proscribed as unlawful.

He also contends these ambiguous terms permit discriminatory

enforcement.  We disagree.

     A penal statute is unconstitutionally void-for-vagueness if

it does not "define the criminal offense with sufficient

definiteness that ordinary people can understand what conduct is

prohibited and in a manner that does not encourage arbitrary and

discriminatory enforcement."  Kolender v. Lawson, 461 U.S. 352,

357 (1983).  The vagueness doctrine recognizes that legislatures

encounter "practical difficulties in drawing criminal statutes

both general enough to take into account a variety of human

conduct and sufficiently specific to provide fair warning that

certain kinds of conduct are prohibited."  Colten v. Kentucky,

407 U.S. 104, 110 (1972).  As a result, penal statutes need only

define crimes to "'a reasonable degree of certainty.'"  Woolfolk

_____

between adults" and, therefore, does not rise to a level of
constitutional protection.

                              -

v. Commonwealth, 18 Va. App. 840, 850, 447 S.E.2d 530, 535 (1994) (quoting Boyce Motor Lines v. United States, 342 U.S. 337, 340 (1952)).

We hold that Code § 18.2-361 is not unconstitutionally vague either on its face or as applied to appellant. The statute makes it unlawful for any person to "carnally know[ ] any male or female person by the anus or by or with the mouth." Code § 18.2-361(A) (emphasis added). The term "carnal knowledge" has been construed to include "any sexual bodily connection, not simply sexual intercourse." Shull v. Commonwealth, 16 Va. App. 667, 669, 431 S.E.2d 924, 925 (1993), aff'd, 247 Va. 161, 440 S.E.2d 133 (1994). Carnal knowledge "with the mouth" is another term for cunnilingus, see Ryan v. Commonwealth, 219 Va. 439, 441 n.2, 247 S.E.2d 698, 700 n.2 (1978), and carnal knowledge "by the mouth" indicates fellatio. See Ashby v. Commonwealth, 208 Va. 443, 444, 158 S.E.2d 657, 658 (1968), cert. denied, 393 U.S. 1111 (1969); see also Lankford v. Foster, 546 F. Supp. 241, 249 n.11 (W.D. Va. 1982) (defining "sodomy with the mouth" as cunnilingus and "sodomy by the mouth" as fellatio).[7]

In the instant case, we hold that Code § 18.2-361 is sufficiently clear to inform both citizens and law enforcement officers of what acts constitute carnal knowledge "by or with

[7] Additionally, Code § 18.2-361 defines sodomy as "cunnilingus, fellatio, annallingus, or anal intercourse."

-

the mouth."  The statute clearly provides that the acts prohibited involve contact between the mouth and the genitals, including heterosexual oral sex.  "If the terms of the statute, when measured by common understanding and practices, sufficiently warns a person as to what behavior is prohibited, then the statute is not unconstitutionally vague."  Stein v. Commonwealth, 12 Va. App. 65, 69, 402 S.E.2d 238, 241 (1991); see also Parker v. Commonwealth, 24 Va. App. 681, 684, 485 S.E.2d 150, 153 (1997) (The vagueness doctrine requires "that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.").  Under this standard, the statute provides adequate notice of the unlawful conduct.

We also hold that Code § 18.2-361 is not unconstitutionally vague as applied to appellant.  The language of the statute gave him reasonable notice that his conduct, performing cunnilingus on a sixteen-year-old victim, was unlawful.  This type of conduct is within the clear ambit of Code § 18.2-361.

For the foregoing reasons, we affirm appellant's conviction.

Affirmed.

-