COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Overton
Argued at Alexandria, Virginia


FRED LESLIE FISHER
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0278-00-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         JUNE 19, 2001
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                      John R. Prosser, Judge

         William A. Crane, Public Defender (Office of
         the Public Defender, on briefs), for
         appellant.

         Richard B. Smith, Senior Assistant Attorney
         General (Mark L. Earley, Attorney General,
         on brief), for appellee.

         Amicus Curiae:  Virginians For Justice, Inc.
         (Joseph Price, General Counsel; Stephen R.
         Scarborough; Arent, Fox, Kintner, Plotkin &
         Kahn, PLLC; Lambda Legal Defense and
         Education Fund, on brief), for appellant.


     Fred Leslie Fisher (appellant) was indicted by the

Frederick County grand jury on (1) three counts of forcible

sodomy; (2) one count of object sexual penetration; and (3) one

count of rape for conduct that occurred on May 31, 1999.  At

trial he was found guilty of three counts of carnal knowledge as

a lesser-included offense of the three counts of forcible

─────────────────────

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

sodomy, not guilty of object sexual penetration, and guilty of aggravated sexual battery as a lesser-included offense of rape under Code § 18.2-61.[1]  On appeal, he contends Code § 18.2-361[2] as applied in this case contravenes his rights under both the Virginia and the United States Constitutions.  We disagree and affirm his convictions for carnal knowledge pursuant to Code § 18.2-361.

## I. BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to its evidence all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). The credibility of witnesses and the weight assigned their testimony are matters exclusively for the [fact finder].  Hills v. Commonwealth, 33 Va. App. 442, 456, 534 S.E.2d 337, 344

---

[1] The Commonwealth conceded on brief and in oral argument that aggravated sexual battery is not a lesser-included offense of rape under Code § 18.2-61.  On that conviction, this case is reversed and remanded for new proceedings if the Commonwealth so chooses.

[2] Code § 18.2-361(A) provides in relevant part as follows:

> If any person carnally knows in any manner
> any brute animal, or carnally knows any male
> or female person by the anus or by or with
> the mouth, or voluntarily submits to such
> carnal knowledge, he or she shall be guilty
> of a Class 6 felony . . . .

(2000) (citing Lynn v. Commonwealth, 27 Va. App. 336, 351, 499 S.E.2d 1, 8 (1998)).

So viewed, the evidence established that Mary Fansler (Fansler) met appellant at work. She acknowledged a consensual sexual relationship with him during the three days prior to May 31, 1999. On May 31, 1999, Fansler returned to appellant's motel room where she drank beer and smoked pot until appellant's friend, Jimmy Weatherholtz (Weatherholtz), arrived with a clear liquid he claimed was LSD.

Fansler testified she refused the LSD but appellant forced a small piece of cardboard containing the liquid into her mouth. She testified "she didn't remember much after that" and was in and out of consciousness throughout the night. Fansler said she was clothed when appellant gave her the drug but was naked when she regained consciousness. She remembered appellant performing cunnilingus and anallingus on her and inserting a cigar case and his fingers into her vagina, his fingers into her rectum and forcing his penis into her mouth and vagina. Fansler testified "Off and on that night . . . I remember having a lot of pain . . . and just telling him to stop it." She consented to "none of it" that day. Later, she left the motel, called her sister and went to a women's shelter that directed her to the hospital where she was examined by a "forensic nurse." She was treated, and pictures of her injuries were taken. Appellant testified

all sexual activity on May 31, 1999 was consensual and that Weatherholtz gave Fansler the LSD.

II.

Appellant contends the prohibition of "consensual" heterosexual sodomy under Code § 18.2-361 abridges his right to privacy and religion guaranteed by Article 1, Sections 1, 11 and 16 of the Virginia Constitution and the Fifth Amendment protections of the United States Constitution.[3]  "Before considering these arguments, we note that generally, a litigant may challenge the constitutionality of a law only as it applies

---

[3] Article 1, Section 1 of the Virginia Constitution provides as follows:

> That all men are by nature equally free and independent and have certain inherent rights, of which, when they enter into a state of society, they cannot, by any compact, deprive or divest their posterity; namely, the enjoyment of life and liberty, with the means of acquiring and possessing property, and pursuing and obtaining happiness and safety.

Article 1, Section 11 provides in pertinent part as follows:

> That no person shall be deprived of his life, liberty, or property without due process of law . . . .  [T]o be free from any governmental discrimination upon the basis of religious conviction . . . .

Article 1, Section 16 provides in pertinent part as follows:

> [A]ll men are equally entitled to the free exercise of religion . . . .

- 4 -

to him or her."  Coleman v. City of Richmond, 5 Va. App. 459, 463, 364 S.E.2d 239, 241-42 (1988) (citing Grosso v. Commonwealth, 177 Va. 830, 839, 13 S.E.2d 285, 288 (1941)). "That the statute may apply unconstitutionally to another is irrelevant.  One cannot raise third party rights."  Id. at 463, 364 S.E.2d at 242.

In the recently decided case of Paris v. Commonwealth, 35 Va. App. 377, 545 S.E.2d 577 (2001), we addressed the scope of Article 1, Section 1 protections in the context of a challenge to Code § 18.2-361.  In that case we held that neither the guaranties of Article 1, Section 1 or Section 11 of the Virginia Constitution nor the United States Constitution extend the right to privacy or the right to "happiness" to cover sodomy between an uncle and his nephew.  See also Santillo v. Commonwealth, 30 Va. App. 470, 517 S.E.2d 733 (1999) (no constitutional violation when statute was applied to godfather and minor victim).

In the instant case, appellant seeks to extend the right to privacy and freedom of religion to cover an individual who engages in consensual heterosexual sodomy.  However, we do not reach these issues because the facts show appellant's actions did not involve sexual relations between two consenting adults.

Viewed in the light most favorable to the Commonwealth, the evidence established Fansler did not consent to the acts of sodomy which form the basis of the charges in this case. Specifically, Fansler testified that appellant forced LSD in her

mouth and then performed various sexual acts on her without her permission. The trial court found that the injuries depicted in the photographs admitted into evidence were sufficient to rise to the level of the "severe injury" element of aggravated sexual battery.[4]

Brenda Adams (Adams), the sexual assault nurse examiner, described Fansler's injuries as follows:

> She complained of whole body discomfort. She complained of pain over the areas of her bruising. She complained of pain in her genital area, in her anus.
>
>      *       *       *       *       *       *       *
>
> All of the bruising that she had from her head down to her legs was all consistent with color and consistent with time frame.
>
>      *       *       *       *       *       *       *
>
> There were puncture wounds on her breasts.
>
>      *       *       *       *       *       *       *
>
> [These injuries were] consistent with blunt force penetrating trauma.

Under these circumstances, the evidence supports the trial judge's finding that the victim did not consent to appellant's actions and thus, do not reach the level of constitutional protection. Like Santillo and Paris, the appellant has failed

---

[4] While we reverse and remand the rape charge, the facts adduced therein are part of the continuing course of events of that day.

to establish that Code § 18.2-361, as applied to him, is unconstitutional.

For the foregoing reasons, we affirm appellant's convictions under Code § 18.2-361 and reverse and remand appellant's conviction for aggravated sexual battery as a lesser-included offense of rape pursuant to Code § 18.2-61.

<u>Affirmed in part, and reversed and remanded in part.</u>