COURT OF APPEALS OF VIRGINIA

Present:    Judges Benton, Bumgardner and Kelsey
Argued at Alexandria, Virginia


GERALD LEE TUCEK

                                                            OPINION BY
v.        Record No. 1763-03-4          JUDGE D. ARTHUR KELSEY
                                                            DECEMBER 28, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

Michael J. Harrington, Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Stephen R. McCullough, Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


        Gerald Lee Tucek challenges his conviction for violating the sex offender registration

requirements of former Code § 19.2-298.1, a Class 6 felony under Code § 18.2-472.1 applicable

to sexually violent offenses.  We affirm his conviction, finding he lacks standing to advance the

constitutional claim raised at trial and now asserted on appeal.

        In 1984, Gerald Lee Tucek was convicted in Tennessee of aggravated rape.  He received

a 20-year penitentiary sentence.  After being released from prison in 1999, Tucek moved to

Virginia.  Tucek registered as a sex offender with the Virginia State Police.  He later failed,

however, to reregister periodically as Code § 19.2-298.1 required.

        In 2002, a grand jury indicted Tucek for violating his statutory duty to reregister.  Tucek

moved to dismiss the indictment, arguing the statute unconstitutionally discriminated against

out-of-state sex offenders by treating them differently than in-state sex offenders.  After the trial

court denied Tucek's motion, he pled guilty conditioned upon the right to assert his constitutional claim on appeal.

Before their recent revision and recodification at Code § 9.1-900 *et seq.*, Virginia's sex-offender registration provisions were codified at former Code § 19.2-298.1.[1] Subsections B and C of § 19.2-298.1 required every person "convicted" or "serving a sentence of confinement or under community supervision" on or after July 1, 1997, to register with the Virginia State Police. Subsection D extended this requirement to sex offenders convicted outside Virginia:

> In addition, all persons convicted of violations under the laws of the United States or any other state substantially similar to an offense for which registration is required shall provide in person to the local law-enforcement agency all necessary information for inclusion in the Registry within ten days of establishing a residence within the Commonwealth.

Tucek claims these provisions, when read together, imposed differing registration burdens on in-state and out-of-state sex offenders. Under his interpretation, the statute required in-state offenders to register only if convicted or released from confinement or supervision on or after July 1, 1997 — while out-of-state offenders had to register when entering Virginia no matter the date of their conviction or release from confinement or supervision. Because of this disparity, Tucek argues the statute should be declared unconstitutional and his conviction overturned.

To resolve this appeal, we need not accept or reject Tucek's reading of the statute. Nor is it necessary to address the putative constitutional rights of out-of-state sex offenders. For even if the disparate treatment Tucek complains of truly existed, he would have no standing to challenge it. As he concedes, Tucek was still serving his sentence for aggravated rape on July 1, 1997, and was not released from prison until 1999. Thus, if the registration requirements for Virginia

---

[1] In 2003, the General Assembly amended Code § 19.2-298.1 and recodified its provisions in the Sex Offender and Crimes Against Minors Registry Act, Code §§ 9.1-900 to 9.1-920.

convicts were applied to him, Tucek would have had exactly the same registration duties. The alleged disparity between in-state and out-of-state sex offenders, as far as Tucek is concerned, is entirely hypothetical. To be sure, he was treated no differently than similarly situated Virginia rapists.

"Because the very 'nature of judicial review constrains us to consider the case that is actually before us,'" we decline to "offer an advisory opinion on such 'hypothetical situations.'" Boyd v. County of Henrico, 42 Va. App. 495, 520, 592 S.E.2d 768, 780 (2004) (*en banc*) (citations omitted). This principle of judicial self-restraint stems from the general rule that "where a statute is constitutional as applied to a litigant, the litigant has no standing to challenge the statute on the ground that it may be unconstitutional on its face, that is, as applied to a third person in a hypothetical situation." Esper Bonding Co. v. Commonwealth, 222 Va. 595, 597, 283 S.E.2d 185, 186 (1981).[2] A criminal defendant "may challenge the constitutionality of a law only as it applies to him or her." DePriest v. Commonwealth, 33 Va. App. 754, 761, 537 S.E.2d 1, 4 (2000) (citations omitted). "That the statute may apply unconstitutionally to another is irrelevant; one cannot raise third party rights." Id.; Santillo v. Commonwealth, 30 Va. App. 470, 477, 517 S.E.2d 733, 736 (1999).[3]

---

[2] See also County Court of Ulster County v. Allen, 442 U.S. 140, 154-55 (1979); Evans & Smith v. Commonwealth, 226 Va. 292, 296, 308 S.E.2d 126, 129 (1983); Pedersen v. Richmond, 219 Va. 1061, 1066, 254 S.E.2d 95, 99 (1979); Stanley v. City of Norfolk, 218 Va. 504, 508, 237 S.E.2d 799, 802 (1977).

[3] Recognized exceptions to this standing limitation apply to overbreadth challenges under the First Amendment, Santillo, 30 Va. App. at 477 n.3, 517 S.E.2d at 736 n.3, and to situations involving the most "weighty, countervailing policies" like, for example, where "individuals not parties to a particular suit stand to lose by its outcome and yet have no effective avenue of preserving their rights themselves," DePriest, 33 Va. App. at 762, 537 S.E.2d at 4 (citation omitted). No such concerns exist in this case.

Because Tucek has no standing to raise the particular constitutional challenge asserted in this case, we affirm his conviction.

<u>Affirmed.</u>