COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Overton
Argued at Chesapeake, Virginia


ANDY JOE TJAN

                                                            OPINION BY
v.        Record No. 3221-03-1                    JUDGE ROBERT J. HUMPHREYS
                                                       NOVEMBER 8, 2005

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                         Edward W. Hanson, Jr., Judge

          (James O. Broccoletti; Zoby & Broccoletti, P.C., on brief), for
          appellant.[1]

          William E. Thro, State Solicitor General (Judith Williams Jagdmann,
          Attorney General; Matthew M. Cobb, Associate State Solicitor
          General, on brief), for appellee.


          Appellant Andy Joe Tjan ("Tjan") appeals his conviction, following a conditional guilty

plea, for solicitation to commit oral sodomy, in violation of Code §§ 18.2-29 and 18.2-361.

Based on the holding of the United States Supreme Court in Lawrence v. Texas, 539 U.S. 558

(2003), Tjan contends that Code § 18.2-361 is facially invalid because it violates his Fourteenth

Amendment rights to equal protection and due process of law.  And, because the statute is

facially unconstitutional, Tjan concludes that he cannot be convicted for attempting, through

solicitation, to violate that statute.  In the alternative, Tjan contends that Code § 18.2-361 is

unconstitutional because it is both overbroad and void for vagueness.  For the reasons that

follow, we hold that Tjan lacks standing to argue that Code § 18.2-361 is facially

---

[1] This case was consolidated with Singson v. Commonwealth, ___ Va. App. ___, ___
S.E.2d ___ (2005) (this day decided), for purposes of oral argument.  Gregory R. Nevins,
counsel of record in Singson, presented a single oral argument encompassing both cases.

unconstitutional because it violates the Due Process Clause of the Fourteenth Amendment and

that he also lacks standing to contend that the statute is constitutionally overbroad. We further

hold that the statute does not violate the Equal Protection Clause and is not void for vagueness.

Accordingly, we affirm the judgment below.

## I. BACKGROUND

The relevant facts are not in dispute.[2] On March 19, 2003, Tjan walked into a public

restroom located in a department store. As Tjan was washing his hands, he looked into one of

the restroom stalls and saw an undercover police officer. Tjan began tapping his foot against the

bathroom stall "in a covert effort to solicit sexual favors." The officer asked Tjan what he

wanted, and Tjan responded, "I want you" and pretended to suck one of his fingers. Tjan "then

acknowledged affirmatively to the officer that he wanted to suck the officer's penis and that he

wanted to do this in one of the stalls of the restroom right there and then."

On April 21, 2003, a grand jury indicted Tjan for "command[ing], entreat[ing] or

otherwise attempt[ing] to persuade another to commit a felony," specifically, "Crimes Against

Nature," in violation of Code §§ 18.2-361 and 18.2-29. At the arraignment hearing, conducted

on November 24, 2003, Tjan moved to dismiss the indictment, arguing that Code § 18.2-361 is

facially unconstitutional, "is overbroad and [contains] within its prohibitions activities that are

---

[2] Rather than orally proffering the facts of the case during the arraignment hearing, the parties submitted a written "Stipulation of Facts." This stipulation, which was not included in the appendix filed on appeal, is the only part of the record detailing the specific facts of this case. According to Rule 5A:25(c), the appendix "shall include" all "incidents of the case germane to the questions presented." By neglecting to include the "Stipulation of Facts" in the appendix, Tjan failed to comply with Rule 5A:25 because he omitted vital "incidents of the case" that are "germane to the questions presented." However, according to Rule 5A:25(h), this Court "may" consider parts of the record other than the appendix when ruling on the merits of an appeal. Because the relevant facts are undisputed, we will exercise our discretion to consider the "Stipulation of Facts" and, thus, to decide the merits of this appeal. But see Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003) (declining to reach merits of an assignment of error where "the appendix filed in [the] case [did] not contain parts of the record that [were] essential to the resolution of the issue before us").

constitutionally protected," "is void for vagueness under the due process clause," "encourages arbitrary and discriminatory enforcement of the law," and "violates the equal protection clause of the Unites States [C]onstitution" because the Commonwealth "only prosecutes that conduct which occurs in privacy between homosexuals." The trial court, relying on the reasons advanced in its earlier decision in a similar case, see Singson v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (2005) (this day decided), denied the motion to dismiss.[3] Tjan entered a conditional guilty plea, and he now appeals.

## II. ANALYSIS

Tjan contends that Code § 18.2-361 is facially invalid because it violates his Fourteenth Amendment rights to equal protection and due process of law. In the alternative, Tjan contends that Code § 18.2-361 is unconstitutionally overbroad and void for vagueness. For the reasons that follow, we affirm the judgment below.

### A. Whether Code § 18.2-361 Is Facially Unconstitutional Because It Violates the Due Process Clause of the Fourteenth Amendment

Citing Lawrence v. Texas, 539 U.S. 558 (2003), Tjan initially contends that Code § 18.2-361 is facially unconstitutional because it criminalizes private acts of consensual sodomy, thus offending the Due Process Clause of the Fourteenth Amendment. Tjan reasons that, because Code § 18.2-361 is facially unconstitutional, he cannot be prosecuted for violating the terms of the statute even though his attempted conduct falls within the scope of that statute. However, for the reasons advanced in Singson, ___ Va. App. ___, ___ S.E.2d ___, we hold that Tjan lacks standing to assert this claim. And, because application of Code § 18.2-361 to *public*

---

[3] In Singson, the trial court reasoned that Lawrence did not apply because "the restrooms within [s]tores open to the public are not within the zone of privacy as contemplated by the United States Supreme Court." The court further noted that it could not "imagine too much more [of a] public place than a restroom in a shopping mall." Singson, ___ Va. App. at ___, ___ S.E.2d at ___.

sexual conduct does not implicate the more narrow liberty interest upheld in Lawrence, see

Singson, ___ Va. App. at ____, ____ S.E.2d at ___, we further hold that application of Code

§ 18.2-361 under the circumstances of this case does not violate the Due Process Clause of the

Fourteenth Amendment.

B.  Whether Code § 18.2-361 Is Unconstitutionally Overbroad

In the alternative, Tjan contends that Code § 18.2-361 is unconstitutionally overbroad,

reasoning that the statute "contains within its provisions prohibitions against activities that are

constitutionally protected."  That is, because Code § 18.2-361 encompasses "constitutionally

protected conduct between consenting adults," Tjan reasons that the statute is facially

unconstitutional.

However, outside the context of a First Amendment challenge,[4] when a statute is

constitutional as applied to a litigant, the litigant has no standing to challenge the statute on the

ground that it may be unconstitutional on its face—that is, as applied to a third person in a

hypothetical situation.  County Court of Ulster County v. Allen, 442 U.S. 140, 154-55 (1979).

And, as noted by the Virginia Supreme Court, "'[w]hen overbreadth has only due process

implications, [a defendant] has no standing to make a facial attack but only standing to challenge

the statute as applied to his own conduct.'"  Evans & Smith v. Commonwealth, 226 Va. 292,

296, 308 S.E.2d 126, 129 (1983) (quoting Stanley v. City of Norfolk, 218 Va. 504, 508, 237

S.E.2d 799, 802 (1977)).

As Tjan concedes, his attempted conduct falls within the scope of Code § 18.2-361.  See

Santillo v. Commonwealth, 30 Va. App. 470, 483, 517 S.E.2d 733, 740 (1999).  And, because of

its public nature, that conduct is not constitutionally protected.  See Singson, ___ Va. App. at

_____

[4] Tjan does not challenge the constitutionally of Code § 18.2-361 on the ground that the
statute prohibits or chills expression protected by the First Amendment.  Cf. Singson, ___
Va. App. at ___, ___ S.E.2d at ___.

- 4 -

___, ___ S.E.2d at ___. Because the statute is constitutional as applied to Tjan, and because Code § 18.2-361 does not implicate the First Amendment,[5] we hold that Tjan lacks standing to mount a facial overbreadth challenge to Code § 18.2-361. See Stanley, 218 Va. at 508, 237 S.E.2d at 802 (holding that the appellant lacked standing to mount a facial overbreadth challenge to an ordinance where he did not "contend that his own conduct was constitutionally protected or that the ordinance [was] void for First Amendment overbreadth"); see also County Court of Ulster, 442 U.S. at 154-55; Evans & Smith, 226 Va. at 296, 308 S.E.2d at 129.

### C. Whether Code § 18.2-361 Is Void for Vagueness

Tjan also contends that Code § 18.2-361 is unconstitutional because it is void for vagueness. A criminal statute is deemed unconstitutionally vague if it "'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.'" Bouie v. Columbia, 378 U.S. 347, 351 (1964) (quoting United States v. Harriss, 347 U.S. 612, 617 (1954)); see also Gray v. Commonwealth, 260 Va. 675, 681, 537 S.E.2d 862, 865 (2000) ("[A] 'penal statute is void for vagueness if it fails to give a person of ordinary intelligence notice that his contemplated conduct is forbidden by the statute . . . .'" (quoting Woodfin v. Commonwealth, 236 Va. 89, 92, 372 S.E.2d 377, 379 (1988) (omission in original)). The void-for-vagueness rule is premised on the concept that "'no man [should] be held criminally responsible for conduct which he could not reasonably understand to be proscribed.'" Bouie, 378 U.S. at 351 (quoting Harriss, 347 U.S. at 617). Thus, the doctrine "'protects two due process interests,'" first, requiring "'that laws give the person of ordinary intelligence a reasonable

---

[5] See Singson, ___ Va. App. at ___, ___ S.E.2d at ___ (holding that Code § 18.2-361 neither directly prohibits nor chills a substantial amount of constitutionally-protected speech); see also United States v. Dhingra, 371 F.3d 557, 561 (9th Cir. 2004) (holding that a statute prohibiting individuals from inducing a minor "to engage in prostitution or any sexual activity" does not jeopardize speech because it "only criminalizes conduct," noting that "speech is merely the vehicle through which a pedophile ensnares the victim" (internal quotations omitted)).

opportunity to know what is prohibited, so that he may act accordingly,'" and second, "prevent[ing] arbitrary and discriminatory enforcement by requiring that laws . . . provide explicit standards to those who apply them.'" Parker v. Commonwealth, 24 Va. App. 681, 687, 485 S.E.2d 150, 153 (1997) (quoting Coleman v. City of Richmond, 5 Va. App. 459, 466, 364 S.E.2d 239, 243 (1988)) (internal quotations omitted) (omission in original).

As we have held, Code § 18.2-361 satisfies the void-for-vagueness test because the statutory text clearly identifies the specific, prohibited conduct in a manner that no reasonable person could misunderstand. See Santillo, 30 Va. App. at 483, 517 S.E.2d at 740 ("We hold that Code § 18.2-361 is not unconstitutionally vague either on its face or as applied to appellant."). As we noted in Santillo, "Code § 18.2-361 is sufficiently clear to inform both citizens and law enforcement officers of what acts constitute carnal knowledge 'by or with the mouth.'" Id. at 484, 517 S.E.2d at 740. And, because "'the terms of the statute, when measured by common understanding and practices, sufficiently warns a person as to what behavior is prohibited, [] the statute is not unconstitutionally vague.'" Id. (quoting Stein v. Commonwealth, 12 Va. App. 65, 69, 402 S.E.2d 238, 241 (1991)); see also Pedersen v. Richmond, 219 Va. 1061, 1066, 254 S.E.2d 95, 98 (1979) (upholding an ordinance prohibiting solicitation of "any act which is lewd, lascivious, or indecent," reasoning that "[a] person of even limited intelligence is on notice from the provisions of [the ordinance] that solicitation of sodomy is thereby forbidden").

Tjan argues, however, that upholding the statute in the context of "public" acts of sodomy renders the statute void for vagueness because "the precise definition of what constitutes 'public' conduct and what is 'private' conduct is not an easy task." Initially, we note that—contrary to Tjan's assertion—this Court is not "rewriting" the statute and adding "a locational (i.e., 'public') element to the offense." Rather, we are merely conducting an as-applied analysis, considering whether application of the statute was constitutional under the circumstances of this case. See

generally Broadrick v. Oklahoma, 413 U.S. 601, 610-11 (1973) (noting that the principle that "constitutional rights are personal and may not be asserted vicariously" "reflect[s] the conviction that under our constitutional system courts are not roving commissions assigned to pass judgment on the validity of the Nation's laws").

Nevertheless, as we have noted, "[t]he term 'in public' is an ordinary, everyday expression with a plain meaning." Crislip v. Commonwealth, 37 Va. App. 66, 71, 554 S.E.2d 96, 98 (2001). Specifically, a "public" location "is a place in open view, visible to the community." Id. Because a "person of ordinary intelligence," Bouie, 378 U.S. at 351, would understand that Code § 18.2-361 prohibits individuals from engaging in the proscribed acts in "a place in open view, visible to the community," Crislip, 37 Va. App. at 71, 554 S.E.2d at 98, we hold that applying Code § 18.2-361 to public acts of sodomy does not render the statute void for vagueness.

Moreover, as noted by the Virginia Supreme Court "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Commonwealth v. Hicks, 267 Va. 573, 581, 596 S.E.2d 74, 78 (2004). In this case, as discussed above, Tjan's conduct clearly falls within the scope of the statute. Accordingly, he "may not successfully challenge it for vagueness." Id.; see also Muhammad v. Commonwealth, 269 Va. 451, 501, 611 S.E.2d 537, 565-66 (2005) ("One who engages in conduct that is clearly proscribed and not constitutionally protected may not successfully attack a statute as void for vagueness based upon the hypothetical conduct of others."); Boyd v. County of Henrico, 42 Va. App. 495, 519, 592 S.E.2d 768, 780 (2004) (en banc) ("[O]ne who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." (internal quotations omitted)).

Tjan also argues, however, that Code § 18.2-361 is void for vagueness because the statute "is subjectively enforced only against homosexuals." In the context of a void-for-vagueness challenge, however, a statute will be declared unconstitutional only if the statutory language "'authorizes or encourages arbitrary and discriminatory enforcement.'" Boyd, 42 Va. App. at 520, 592 S.E.2d at 780-81 (quoting Hill v. Colorado, 530 U.S. 703, 732 (2000)). Although *actual* selective enforcement of a statute might give rise to an equal protection challenge, see id. at 522, 592 S.E.2d at 781, the statute itself will not be struck down as unconstitutionally vague "unless its clarity has been 'designedly avoided so as to allow the net to be cast at large.'" Id. at 520, 592 S.E.2d at 781 (quoting Papachriston v. City of Jacksonville, 405 U.S. 156, 166 (1972)).[6]

Put simply, the void-for-vagueness test "forbids [] a law that, by its expansive sweep of language, enacts an elastic definition of illegality—one that authorizes an officer to define for himself what is and is not legal." Id. at 521, 592 S.E.2d at 781. Nothing in the language of Code § 18.2-361 "goes that far." Id. Because the language of Code § 18.2-361 does not "authorize[] an officer to define for himself what is and is not legal," id., we hold that the statute is not void for vagueness. Cf. Coleman, 5 Va. App. at 466, 364 S.E.2d at 244 (invalidating statute prohibiting individuals from loitering "in a manner or under circumstances manifesting the purpose of engaging in prostitution," reasoning that "the ordinance vests too much discretion in the officers who enforce the ordinance" because "people are permitted to wander or stand idly at the whim of whichever police officer is on the beat").

---

[6] Said differently, in an equal protection challenge, the overriding inquiry is whether the statute is, *in fact*, being selectively enforced. In a void-for-vagueness challenge, the overriding inquiry is whether the statutory language is so vague that, of necessity, police must use their discretion when determining whether the statue is being violated, thus creating an unacceptable *risk* of selective enforcement.

D.  Whether Code § 18.2-361 Violates the Equal Protection Clause

Finally, Tjan argues that the sodomy statute is facially unconstitutional because it violates the Equal Protection Clause of the Fourteenth Amendment.  For the reasons that follow, we disagree.

The Equal Protection Clause proclaims that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of laws."  U.S. Const. amend. XIV, § 1.  The central mandate of the equal protection guarantee is that "the sovereign may not draw distinctions between individuals based solely on differences that are irrelevant to a legitimate governmental objective."  Lehr v. Robertson, 463 U.S. 248, 265 (1983).

Code § 18.2-361 does not, on its face, draw distinctions between homosexual and heterosexual individuals.  As the Commonwealth notes, the statute applies equally to all citizens, regardless of sexual orientation.  That is, a man and a woman who engage in public sodomy are subject to prosecution, as are two men who engage in public sodomy.  See Branche v. Commonwealth, 25 Va. App. 480, 487, 489 S.E.2d 692, 695 (1997) ("Under the statutory scheme, all persons, male or female[,] whether heterosexual or homosexual, who solicit another to commit an act of sodomy are guilty of a Class 6 felony.").

Tjan argues, however, that Code § 18.2-361 violates the Equal Protection Clause because "public sodomy is the only public sexual conduct that is punished as a felony," and "[n]o law directly prohibits [public] heterosexual intercourse."  Because "public oral sex is a felony, while public heterosexual copulation is, at most, a misdemeanor," Tjan concludes that "[t]he differences in punishment" are "something the Equal Protection Clause does not permit."[7]

_____

[7] Although Tjan raises the issue of selective enforcement in the context of his void-for-vagueness challenge, Tjan does not argue that Code § 18.2-361 violates the Equal Protection Clause because it constitutes a "facially neutral law [that] is being applied in discriminatory manner."  Branche, 25 Va. App. at 488, 489 S.E.2d at 696.

However, in <u>Branche</u>—a case not cited by either party—we disposed of a virtually identical argument. In <u>Branche</u>, the appellant argued that Code § 18.2-361 violates the Equal Protection Clause because "females who solicit another to commit an act of oral sodomy for money can be convicted only of a misdemeanor, whereas men who solicit another to commit an act of oral sodomy, not for money, can be convicted of a felony." <u>Id.</u> at 485, 489 S.E.2d at 695. We found no merit in this argument, noting that, "[b]y enacting a statute that forbids prostitution and another which forbids solicitation to commit a felony, the General Assembly has not drawn a distinction or made a classification between individuals who are similarly situated." <u>Id.</u> at 487, 489 S.E.2d at 695. Rather, "[b]ecause the two groups of individuals proscribed by the statute are not engaged in the same activity," we held that "the General Assembly's decision to punish one group more severely than the other does not violate our constitutional principle of equality." <u>Id.</u> at 488, 489 S.E.2d at 696; <u>see also</u> <u>State v. Limon</u>, 83 P.3d 229, 233 (Kan. Ct. App. 2004) (noting that "[s]tatutes by necessity are directed to less than universal situations," further observing that, "[i]f this were not so, statutes would be ineffective because they would fail to take into account factual differences").

Similarly, by enacting separate statutes, each forbidding a different type of sexual conduct, the General Assembly established classifications of behavior, not classifications of people. Specifically, individuals who participate in an obscene display or otherwise engage in public acts of indecent exposure, masturbation, or cohabitation are guilty of a misdemeanor. <u>See</u> Code §§ 18.2-387 (prohibiting indecent exposure); 18.2-387.1 (prohibiting public acts of masturbation); 18.2-375 (prohibiting obscene exhibitions and performances); 18.2-345 (prohibiting lewd and lascivious cohabitation). Individuals who engage in public sodomy are guilty of a Class 6 felony. <u>See</u> Code § 18.2-361. As in <u>Branche</u>, "[b]oth heterosexual males and females and homosexual males and females may violate [any of these] statute[s] and, under

- 10 -

[each] statute[], all persons, regardless of sexual orientation, are treated in the same fashion." Branche, 25 Va. App. at 487, 489 S.E.2d at 695.

Accordingly, the General Assembly's decision to punish one type of behavior (public acts of sodomy) more severely than the other (public sexual acts other than sodomy) does not violate our constitutional principle of equality. See id. Thus, we hold that Code § 18.2-361 "does not create an impermissible classification between groups of people similarly situated." Id. ("The fact that solicitation to commit prostitution is a misdemeanor and is, therefore, considered a less serious crime than . . . solicitation to commit sodomy, does not create an impermissible classification between groups of people similarly situated."); cf. Limon, 83 P.3d at 237 (holding that the establishment of a statutory scheme resulting in "the penalty for heterosexual sodomy with a child . . . [being] less severe that the penalty for homosexual sodomy with a child" did not constitute an equal protection violation).

### III. CONCLUSION

For these reasons, we hold that Tjan lacks standing to mount a facial challenge to Code § 18.2-361 and also lacks standing to contend that the statute is unconstitutionally overbroad. We also hold that Code § 18.2-361 does not violate the Equal Protection Clause and is not void for vagueness. Accordingly, we affirm Tjan's conviction for solicitation of oral sodomy.

Affirmed.