COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McClanahan and Haley
Argued at Chesapeake, Virginia

JOSHUA BARRETT SHAPIRO

                                         MEMORANDUM OPINION[*] BY
v.        Record No. 0383-09-1             JUDGE D. ARTHUR KELSEY
                                               JUNE 8, 2010

CITY OF VIRGINIA BEACH

            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          Edward W. Hanson, Jr., Judge

            Liane Galardi, Assistant Public Defender (Office of the Public
            Defender, on brief), for appellant.

            Michael A. Beverly (Mark D. Stiles; Christopher S. Boynton;
            Natalie P. Mann; Office of the City Attorney, on brief), for
            appellee.


        The trial court found Joshua Barrett Shapiro guilty of disturbing the peace in violation of

Virginia Beach City Code § 23-10.  We denied Shapiro's petition for appeal to the extent it

challenged the sufficiency of the evidence.  See Order, No. 0383-09-1 (Va. Ct. App. July 20,

2009) (*per curiam*).  We agreed to address the petition only insofar as it claimed the ordinance

should be struck down as "unconstitutionally vague."  Id.; see Pet. for Appeal at 2, 7.  We now

conclude, however, Shapiro does not have standing to make such a challenge.

        At trial, Shapiro moved to dismiss the charge arguing the disturbing-the-peace ordinance

was "unconstitutionally vague" on its face.  See Statement of Facts at 4 (March 20, 2009).

Shapiro did not assert an as-applied constitutional challenge claiming the ordinance was too

vague for *him* to appreciate the criminality of *his* conduct — understandably so, given that the

ordinance unambiguously applied to the very thing he was accused of doing.  See Va. Beach City

Code § 23-10 (prohibiting disturbing the peace by "challenging to fight").  Nor did Shapiro raise

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

an overbreadth challenge under the First Amendment claiming the ordinance, vague or not, nonetheless prohibited "a substantial amount of protected speech." United States v. Williams, 553 U.S. 285, 292 (2008). An overbreadth claim permits a facial challenge irrespective of the clarity of the law's application to the defendant's conduct. Id. at 304.[1] We thus address neither of these issues. Rule 5A:18 precludes appellants from raising for the first time on appeal "grounds asserted as a 'basis for reversal' of the trial court's judgment." Blackman v. Commonwealth, 45 Va. App. 633, 642, 613 S.E.2d 460, 465 (2005) (citation omitted).[2]

Under settled law, "one who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." Boyd v. County of Henrico, 42 Va. App. 495, 519, 592 S.E.2d 768, 780 (2004) (*en banc*) (citation omitted).[3] "This general rule reflects two 'cardinal principles' of our constitutional order: the personal nature of constitutional rights and the prudential limitations on constitutional adjudication." Cottee v. Commonwealth, 31 Va. App. 546, 553, 525 S.E.2d 25, 29 (2000) (citation omitted). "A criminal

---

[1] Shapiro's petition for appeal, moreover, asserted only that the ordinance was "unconstitutionally vague," Pet. for Appeal at 2, 7, not that it was overbroad. Needless to say, the judicial invalidation of a legislative act on overbreadth grounds is "strong medicine" that should not be "casually employed." Williams, 553 U.S. at 293 (citation omitted). Such medicine should not be administered where, as here, the litigant has not properly presented an overbreadth argument either at trial, see Rule 5A:18, or on appeal, see Commonwealth v. Brown, 279 Va. 235, 240, 687 S.E.2d 742, 744 (2010) ("Only questions presented in the petition for appeal will be noticed by the Court of Appeals." (quoting Rule 5A:12)).

[2] Shapiro does not claim any exception to Rule 5A:18 applies, and we will not invoke one *sua sponte*. See Cobbins v. Commonwealth, 53 Va. App. 28, 35 n.3, 668 S.E.2d 816, 819 n.3 (2008) (citation omitted).

[3] See also Williams, 553 U.S. at 304 (noting in the absence of a First Amendment overbreadth challenge, a "plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others"); Muhammad v. Commonwealth, 269 Va. 451, 501, 619 S.E.2d 16, 44 (2005); Commonwealth v. Hicks, 267 Va. 573, 580, 596 S.E.2d 74, 78 (2004); Tjan v. Commonwealth, 46 Va. App. 698, 709, 621 S.E.2d 669, 674 (2005); Singson v. Commonwealth, 46 Va. App. 724, 734-35, 621 S.E.2d 682, 686-87 (2005).

defendant may challenge the constitutionality of a law only as it applies to him or her. That the statute may apply unconstitutionally to another is irrelevant; one cannot raise third party rights." Tucek v. Commonwealth, 44 Va. App. 613, 617, 606 S.E.2d 537, 539 (2004) (citations and quotation marks omitted).

In sum, Shapiro's vagueness challenge fails because he lacks standing. The challenged ordinance specifically applies to his conduct (publicly challenging someone to a fight) and, thus, he cannot claim (nor does he) the ordinance was in any way vague as applied to him. That other provisions of the ordinance may not have similar clarity is not an argument Shapiro can assert. For these reasons, we affirm Shapiro's conviction under Virginia Beach City Code § 23-10.

Affirmed.